IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXCEL RUFUS CRUMBY, ) | |
| Petitioner, ) | Civil Action No. 2:14-CV-950 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Susan Paradise Baxter |
| PENNSYLVANIA BOARD OF ) | |
| PROBATION AND PAROLE, et al., ) | |
| Respondents. ) | |

## **OPINION AND ORDER**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Excel Rufus Crumby pursuant to 28 U.S.C. § 2254. [ECF No. 1]. In the petition, he challenges the decision by the Pennsylvania Board of Probation and Parole (the "Board") to deny him parole. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

**I.**

**A.**   **Relevant Background**

Crumby is currently serving an aggregate state sentence of 24 years, 6 months to 54 years for committing the crimes of Rape (3 counts), Involuntary Deviate Sexual Intercourse, Simple Assault, Unlawful Restraint (2 counts), and Terroristic Threats. The minimum expiration date for his sentence was March 20, 2012, and the maximum expiration date is September 20, 2041.

The Board has interviewed and denied Crumby parole four times since he reached his minimum sentence date. The last time it denied him parole was by a decision it issued on March 28, 2015. On that date, the Board informed him that:

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

> [f]ollowing an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, [it] in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> The negative recommendation made by the prosecuting attorney.
>
> You are to be reviewed in or after March 2017[.]

[ECF No. 12-1 at 1, 3/28/15 Notice of Board Decision].

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that Crumby is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Crumby contends that the Board is violating the *Ex Post Facto* Clause by applying the 1996 amendments to the Parole Act to him by refusing him parole. He also claims that the Board has violated the Due Process Clause and the Equal Protection Clause in denying him parole.

Respondents have filed their answer [ECF No. 8], to which Crumby filed a reply [ECF No. 9]. He also supplemented the petition with additional relevant documents. [ECF Nos. 11 & 12].

**B.**  **Discussion**

**(1)**  **Crumby Failed to Exhaust His *Ex Post Facto* Claim**

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

2

principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

The exhaustion requirement became all the more important after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which put into place highly deferential standards of review that a federal court must apply to a state court's findings of facts and its adjudication of a petitioner's federal constitutional claim. 28 U.S.C. § 2254(d) & (e)(1). If the petitioner failed to provide the state court with the opportunity to review his claim on the merits, he is not entitled to *de novo* review in his federal habeas proceeding. Rather, for the reasons set forth below, the claim is unreviewable in federal court and, when there is no longer any available mechanism for the petitioner to exhaust the claim in state court, it must be denied as procedurally defaulted.

In Pennsylvania a prisoner's claim that the Board violated his *ex post facto* rights when it denied him parole is cognizable in Pennsylvania state courts, beginning with a petition for writ of mandamus in the original jurisdiction of the Commonwealth Court and followed by an appeal to the Pennsylvania Supreme Court. Parker v. Kelchner, 429 F.3d 58, 61-64 (3d Cir. 2005); Long v. Pennsylvania Bd. of Prob. and Parole, 227 F.App'x 190 (3d Cir. 2007); Cimaszewski v. Pa. Bd. of Prob. and Parole, 868 A.2d 416 (Pa. 2005).

As Respondents contend, Crumby has not demonstrated that he pursued or completed these required steps. Accordingly, this Court must conclude that he did not exhaust his *ex post facto* claim in state court. Because he did not, that claim is procedurally defaulted for the purposes of federal habeas review. See, e.g., Lines v. Larkins, 208 F.3d 153, 16069 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.[2]

---

[2] A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Crumby points to no evidence that establishes cause for his default or prejudice stemming therefrom. Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated.

### (2) Petitioner's Due Process and Equal Protection Claims Have No Merit[3]

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Crumby cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 322-23 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Thus, absent the creation of a liberty interest in parole, the Board's decision to deny parole does not create any procedural due process protections.

---

[3] Unlike Crumby's *ex post facto* claim, it appears that Pennsylvania law may not provide a mechanism by which a prisoner can challenge a parole denial based upon due process or equal protection grounds. Therefore, Crumby may be exempt from the exhaustion requirement with respect to those claims. Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005); Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in DeFoy."). A federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because Crumby's due process and equal protection claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to them. Id.

To prevail on a substantive due process challenge to the Board's decision, Crumby must establish that the decision shocks the conscience. See, e.g., Newman, 617 F.3d at 782. Evans v. Secretary, Pa. Dept. of Corrections, 645 F.3d 650, 659 (3d Cir. 2011). A substantive due process claim is not easily mounted. The Court of Appeals for the Third Circuit has stressed that "[c]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Newman, 617 F.3d at 782 (internal quotations and citations omitted). See also Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Crumby has not demonstrated that the Board's decision lacked "some basis." As reflected in its March 28, 2015, decision, he was denied parole because based on an interview, a review of his file, and consideration of the matters set forth in the relevant state statute, the Board determined that releasing him on parole presented an unacceptable level of risk to the community. It also considered the negative recommendation made by the prosecuting attorney. Although Crumby disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

Finally, Crumby contends that the Board violated his equal protection rights because "[m]any of the reasons for denial of parole will never change." He also contends that he is "being denied the opportunity to make parole because of classification[,]" but he does not explain what that classification is. [ECF No. 1 at 7].

6

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." Renchenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010) (quoting Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003)). "If state action does not burden a fundamental Constitutional right or target a suspect class, the challenged classification must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. If the challenged state action involves a suspect classification based on race, alienage or national origin, or infringes on a fundamental constitutional right, we must apply the strict scrutiny standard." Id. (quoting Doe v. Pennsylvania Bd. of Prob. and Parole, 513 F.3d 95, 107 (3d Cir. 2008) (internal quotation marks & citations omitted)).

Crumby's vaguely-stated equal protection claim also has no merit. As Respondents point out, the Board is required by statute to consider the following factors:

(1) The nature and circumstances of the offense committed.

**(2) Any recommendations made by the trial judge and prosecuting attorney.**

**(3) The general character and background of the inmate.**

(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.

(5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).

(6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.

7

> (**7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.**

61 Pa.C.S. § 6135 (emphasis added). The factors considered by the Board to deny Crumby parole do not require that he be treated differently than other inmates seeking parole and he has failed to provide any evidence of his alleged disparate treatment from those similarly situated to him.

## C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether each of Crumby's claims should be denied. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied. Also, a certificate of appealability is denied. An appropriate Order follows.

Dated: March 31, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge